The Memorandum Decision below is hereby signed.
Dated: March 13, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DEANNE M. WAYT, | ) | Case No. 05-01133 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | | [Not for Publication in West's Bankruptcy Reporter] |

MEMORANDUM DECISION RE MOTION TO EXPUNGE CASE FROM PUBLIC RECORD

The debtor has filed a motion seeking to expunge her bankruptcy case from the public record in order to facilitate her obtaining a loan in order to pay off credit card debt (Docket Entry ("DE") No. 17, filed March 5, 2008). She obtained a voluntary dismissal of this case on December 1, 2005, after reaching a settlement with the only creditor scheduled in the case, American University, under which American University agreed to extinguish its claim in exchange for a reduced payment of its claim from funds provided by the debtor's parents (DE No. 15, entered December 1, 2005).

The debtor continued her education after the dismissal of the case, and had to incur credit card debt in order to pay her

expenses in her second year of graduate school.  She states that she "would like to take out a private loan to pay off credit card debt in order to obtain a lower rate but is unable to obtain approval" because the bankruptcy case, even though it was dismissed prior to discharge, causes lenders to decline to approve her for a loan.

Cases addressing whether a bankruptcy court has the authority to expunge, nullify, or void a bankruptcy case are scarce.  At least one court has declined to find that a bankruptcy court has the authority to expunge, nullify, or void a bankruptcy case because there is no "statutory anchor" for such authority in the Bankruptcy Code.  <u>In re Woods</u>, No. 05-32207, 2007 WL 130634427, *1 (Bankr. W.D. Mo. May 1, 2007).

Other courts have found the authority to expunge bankruptcy cases in 11 U.S.C. § 105 but only in extraordinary circumstances. <u>In re Storay</u>, 364 B.R. 194, 196 (Bankr. D.S.C. 2006)(holding that cause exists to expunge a case pursuant to 11 U.S.C. § 105 where the debtor did not authorize the filing of the petition); <u>In re Buppelmann</u>, 269 B.R. 341 (Bankr. M.D. Pa. 2001)(denying the debtors' motion to expunge but stating that "the expungement of bankruptcy cases appears to be a rare event exercised with the greatest of prudence by bankruptcy judges under the equitable powers implied under 11 U.S.C. § 105").

The court does not believe that it has authority under 11

2

U.S.C. § 105 to enter an order expunging the debtor's bankruptcy case. Lenders are entitled to inquire whether the debtor ever filed a prior bankruptcy case if they fear that is a sign that the debtor is a poor credit risk. Nothing in the Bankruptcy Code suggests that the court should expunge a bankruptcy filing so that lenders are deprived of that information (unless the filing was a fraudulent filing, one not authorized by the debtor). The debtor knowingly commenced this case, and, unfortunately, despite the court's sympathy for her plight, must suffer the consequence of a poor credit record arising from the filing.

An order follows.

[Signed and dated above.]


Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee, U.S. Trustee